# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-810V
UNPUBLISHED

| | |
|---|---|
| KATHERINE NOTTENBURG,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Special Master Horner<br><br>Filed: June 1, 2023<br><br>Reissued for Public Availability:<br>July 19, 2023 |

*Katherine Nottenburg*, New York, NY, pro se petitioner.
*Steven Santayana*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On July 26, 2022, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered a number of symptoms, including injection site reaction and body numbness, following receipt of her July 31, 2019, measles, mumps, and rubella ("MMR") vaccination. (ECF No. 1.) Petitioner did not file any medical records with her petition and has not filed medical records at any point since. She was ordered to file medical records supporting her claim on four separate occasions. (ECF Nos. 11-14.) From the time petitioner was first ordered to file medical records on August 8, 2022, until her most recent deadline of May 24, 2023, petitioner was allowed over nine months to file her medical records. However, petitioner has had no contact with the court since she filed her petition. Orders to Show Cause issued on January 20, 2023, and March 23, 2023, cautioning petitioner that the claim was at risk of involuntary dismissal if she did not take action. (ECF Nos. 13-14.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on June 1, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Special masters are charged with adjudicating cases in this program while "endeavoring to make the proceedings expeditious, flexible, and less adversarial, while at the same time affording each party a full and fair opportunity to present its case and creating a record sufficient to allow review of the special master's decision." Vaccine Rule 3(b)(2).  However, the Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.  Additionally, Vaccine Rule 21(b)(1) provides that "[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."

Despite having been provided a full and fair opportunity to present her claim, petitioner has filed no evidence to support her allegations and has not maintained any contact with the court.  This petition is therefore dismissed for failure to establish a *prima facie* case of entitlement to compensation and for failure to prosecute.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.